546

DOMINQUES v. HUNTER, Warden.

No. 3689.

United States Court of Appeals
Tenth Circuit.

Oct. 27, 1948.

Frank A Bruno, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus. An indictment containing three counts, each charging a violation of 18 U.S.C.A. § 338a(c),[1] numbered 7346, was returned against Adolph Francis Dominques[2] in the District Court of the United States for the District of Kansas, First Division. He entered pleas of guilty to each count and on April 13, 1944, was sentenced to the custody of the Attorney General for imprisonment for a period of one year on each count, the sentences to run concurrently.

An indictment containing seven counts, each charging a violation of 18 U.S.C.A. § 100,[3] numbered 7345, was returned against petitioner in the District Court of the United States for the District of Kansas, First Division. Petitioner entered pleas of guilty to each count. On April 13, 1944, the following written judgment and sentence was signed by the Judge and entered on the records of the Court:

"* * * that the imposition of sentence, * * * is hereby suspended and the defendant placed upon probation for the period of two (2) years on the first count of the indictment herein, said period of probation to run consecutively to the sentence in case No. 7346 and begin at the conclusion of the serving of said sentence in said case No. 7346, and pay a fine in the sum of One Thousand ($1000.00) Dollars; on counts two, three, four, five, six and seven of said indictment imposition of sentence is suspended and the defendant placed upon probation for a period of two years to run concurrently with the period of probation on the first count of the indictment herein."

On May 1, 1946, after a hearing, the sentencing court revoked the probation and sentenced the petitioner to the custody of the Attorney General "for imprisonment for the period of Five (5) years on Count Two of the indictment; One (1) year on Count Three of the indictment, said sentence to run consecutively to the sentence imposed on Count Two; One (1) year on Count Four of the indictment, said sentence to run consecutively to the sentences imposed on Counts Two and Three; One (1) year on Count Five of the indictment, said sentence to run consecutively to the sentence imposed on Counts Two, Three, and Four; One (1) year on Count Six of the indictment, said sentence to run consecutively to the sentences imposed on Counts Two, Three, Four, and Five; One (1) year on Count Seven of the indictment, said sentence to run consecutively to the sentences imposed on Counts Two, Three, Four, Five, and Six, * * *"

The pertinent part of the proceedings at the oral pronouncement of sentence as re-

[1] In 1948 Revision, 18 U.S.C.A. § 876.
[2] Hereinafter called petitioner.

[3] In 1948 Revision, 18 U.S.C.A. § 641.

flected by the court reporter's transcript thereof is set forth in note [4].

Petitioner contends that the court did not intend to suspend the imposition of sentence on counts 2 to 7, inclusive, of the indictment in No. 7345 and placed the petitioner on probation with respect to such counts. The following language in the oral pronouncement of the court, "sentence on the six counts to run concurrently with the sentence imposed on Count 1 in Case 7345" is informal, but we think the court manifested an intent to deal precisely with counts 2 to 7, inclusive, as it had with count 1, that is, to suspend the imposition of sentences on counts 2 to 7, inclusive, and place the petitioner on probation for a period of two years to commence at the conclusion of the service of the sentence imposed in No. 7346. Any doubt that could exist was wholly removed by the written judgment entered and signed by the court, which we have quoted above.

Petitioner states in his brief, "the language manifested implies that it was the court's intention to impose the same sentence on counts 2 to 7, inclusive, that he had imposed on count 1" in No. 7345, but petitioner indulges in the erroneous assumption that the court had imposed a sentence on count 1 in No. 7345. What the court did do, both in the oral pronouncement and in the written judgment, was to suspend the imposition of sentence on count 1 in No. 7345 and place the petitioner on probation.

We accordingly conclude that the court suspended the imposition of sentence on counts 1 to 7, inclusive, in No. 7345, and placed the petitioner on probation. When the probation was revoked, the court had power to impose any sentence which might originally have been imposed. 18 U.S.C.A. § 725.[5]

Affirmed.

---

[4] "The Court: Well, in case 7346, the extortion case, the Court will impose a sentence of one year, he to be put in the custody of the Attorney General to serve as he directs. The same sentence will apply to Counts 2 and 3, to run concurrently with the sentence given on Count 1 in Case 7345 which has reference to the government property case—sun glasses, the Court—How many counts in that?

"Mr. Davis: Seven.

"The Court: On Count 1, I will suspend sentence as to him on Count 1, put him on probation for a period of two years, probation to commence at the conclusion of the serving of the sentence in Case 7346. Sentence on the six counts to run concurrently with the sentence imposed in count 1 in Case 7345.

"Mr. Davis: Any fine in the Dominques case, Your Honor?

"The Court: Yes, Count 1 will be a fine of $1000.00 and put him on probation for a period of two years, all on Count 1 in 7345."

[5] In 1948 Revision. 18 U.S.C.A. § 3653.